

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# St. Louis v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"St. Louis v. Wilson" (2007). *2007 Decisions*. Paper 436.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/436

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2362

———————

JAMES ST. LOUIS,

Appellant

v.

OFFICER JAMES MICHAEL WILSON;
LAUREN HATCHER;
MELANIE WITHERS;
BUSTER RICHARDSON
et al.

(D.C. Civ. No. 06-cv-00682)

———————

No. 07-2363

———————

JAMES ST. LOUIS,

Appellant

v.

EVA MARSHALL;
CHRIS FOWLER;
MELANIE WITHERS;
KARL HALLER

(D.C. Civ. No. 07-cv-00084)

1

On Appeal From the United States District Court
For the District of Delaware
District Judge: Honorable Sue L. Robinson

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before: SLOVITER, CHAGARES AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: September 13, 2007)

OPINION

PER CURIAM

James St. Louis appeals the District Court's orders dismissing his civil rights complaints as frivolous and malicious and denying his motions for reconsideration. The procedural history of these cases and the details of St. Louis's claims are well-known to the parties, set forth in the District Court's orders, and need not be discussed at length. Briefly, St. Louis filed two civil rights complaints pursuant to 42 U.S.C. § 1983. St. Louis sued persons he believed were responsible for his conviction for rape and sexual abuse of a child. After the District Court dismissed the actions pursuant to 28 U.S.C. § 1915(e)(2)(B), St. Louis filed timely notices of appeal and motions for the appointment of counsel.

Because St. Louis is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, we must analyze his appeals

2

for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity.  An action or appeal can be frivolous for either legal or factual reasons.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

For substantially the reasons given by the District Court, we agree that St. Louis's claims are frivolous and malicious.  St. Louis may challenge his conviction only through a habeas corpus petition, see Preiser v. Rodriguez, 411 U.S. 475 (1973), and cannot recover damages for wrongful incarceration until his conviction has been invalidated.[1]  See Heck v. Humphrey, 312 U.S. 477 (1994).  Moreover, the father of his victim, the father's girlfriend, and St. Louis's public defender are not state actors, see Polk County v. Dodson, 454 U.S. 312, 325 (1981), and the prosecutor has immunity.  See Imbler v. Pachtman, 424 U.S. 409 (1976).

In its April 24, 2007, order in St. Louis v. Marshall, Civ. No. 07-cv-00084, the District Court stated that St. Louis was not required to pay any previously assessed fees or the filing fee.  The District Court was correct that St. Louis did not have to immediately pay the full filing fee as its March 1, 2007 order had directed.  But pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the

---

[1] The Supreme Court of Delaware affirmed St. Louis's conviction on direct appeal and subsequently affirmed the denial of post-conviction relief.  We denied St. Louis's request for a certificate of appealability to appeal the District Court's denial of his petition filed pursuant to 28 U.S.C. § 2254.

prisoner shall be required to pay the full amount of a filing fee." A prisoner who is permitted to proceed in forma pauperis must still pay the full filing fee; however, he may do so in installments. Thus, St. Louis must pay the full filing fee in installments. We note that when these proceedings are final, St. Louis will have had three actions or appeals that have been dismissed as frivolous and may no longer proceed in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); St. Louis v. Wilson, D. Del. Civ. No. 06-cv-00682 (April 24, 2007); St. Louis v. Heverin, D. Del. Civ. No. 06-cv-00641 (April 24, 2007); St. Louis v. Wilson, D. Del. Civ. No. 05-cv-00038 (Sept. 13, 2005).

In C.A. No. 07-2363, we will summarily affirm the District Court's order to the extent that it dismissed St. Louis's complaint as frivolous and malicious, summarily vacate the District Court's order to the extent that it relieved St. Louis of paying the filing fee, and remand the matter to the District Court to enter an order directing that the fee be collected from St. Louis's prison account in installments when funds are available. See 28 U.S.C. § 1915(b)(2).[2] In C.A. No. 07-2362, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). In both appeals, St. Louis's motion for the appointment of counsel is denied.

---

[2] We note that the District Court did not require St. Louis to pay the filing fee in St. Louis v. Morris, D. Del. Civ. No. 06-cv-00236 (June 29, 2006). The District Court may wish to re-examine that order as well.

4